UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KENNETH REYNOLDS,

                          Plaintiff,            03-CV-6087T

              v.                                **DECISION
                                                and ORDER**

JOANNE BARNHART, DIRECTOR OF THE
SOCIAL SECURITY ADMINISTRATION,

                          Defendant.

_____


                    INTRODUCTION

     Plaintiff Kenneth Reynolds, ("Reynolds"), a former employee of

the defendant Social Security Administration, ("SSA") brings this

action pursuant to Title VII of the Civil Rights Act of 1964

("Title VII"), (codified at 42 U.S.C. § 2000(e), et seq.) and the

Rehabilitation Act of 1973[1] (codified at 29 U.S.C. § 701, et seq.)

claiming that the SSA discriminated against him on the basis of his

gender and disability, and engaged in retaliatory conduct against

him after he complained of discrimination.  Specifically, Reynolds

contends that the defendant failed to accommodate his disability by

not allowing him to work from home, and discriminated against him

_____

     [1] Plaintiff's Complaint alleges disability discrimination
pursuant to the Americans with Disabilities Act ("ADA").
However, because the ADA does not apply to federal employees,
plaintiff's claims will be considered pursuant to the
Rehabilitation Act, which does apply to federal employees such as
the plaintiff.

                          1

on the basis of his gender because a female employee in his office was allowed to work from home.

Defendant denies plaintiff's claims and moves for summary judgment dismissing plaintiff's claims on grounds that plaintiff has failed to state a prima facie case of disability or gender discrimination, or retaliation.  Defendant contends that even if Reynolds has stated a prima facie case of discrimination, the SSA has set forth legitimate, non discriminatory reasons for not allowing Reynolds to work from home, and plaintiff has failed to rebut the defendant's proffered reasons for denying his request to work from home.  Defendant also contends that plaintiff has failed to establish that the SSA retaliated against him for engaging in protected, anti-discriminatory activity.  Plaintiff has not opposed defendant's motion

This action was scheduled for oral argument on May 11, 2006 at 9:00 a.m.  The case was called in open court at approximately 9:08 a.m., at which time only a representative for the defendant appeared.  Neither the plaintiff nor a representative for the plaintiff, however, appeared for argument.  At the court's direction, the case was called in the courthouse corridor, no person appeared or answered on behalf of the plaintiff.

<u>BACKGROUND</u>

The following factual information is set forth in the defendant's statement of undisputed facts filed in conjunction with

the defendant's motion for summary judgment.  Plaintiff has not objected to the facts as set forth therein, and accordingly, this court will accept as true the factual statements set forth in defendant's statement.

From 1987 to 1997, plaintiff Kenneth Reynolds worked as a claims representative for the defendant Social Security Administration.  The plaintiff was stationed in Queens, New York. In 1988, plaintiff was injured in a motor vehicle accident.  As a result of the injury, plaintiff suffered from dizziness and lightheadedness.  In 1992, in an effort to alleviate his medical condition, Reynolds requested a transfer to the Corning, New York, office of the SSA.  Upon moving to Corning, Reynolds purchased a home approximately 30 miles away from the Corning SSA office.

In March, 1996, Reynolds was diagnosed with vertigo.  At that time, he informally requested accommodation for his condition, and Reynolds was given a special chair, was relieved of the duty of conducting certain interviews with claimants, and was given assistance with filing.  On June 24, 1996, plaintiff made a formal written request for accommodations at the office, and requested a further accommodation—that he be allowed to work from home, and when in the office, that he not be required to do any bending or conduct interviews with clients known as "front-end interviews." In support of his request, Reynolds included a note from his doctor, Dr. Daniel Britton, indicating that it was "medically

3

necessary" that plaintiff be allowed to work from home.   Dr. Britton opined that Reynolds suffered from dizziness and lightheadedness, and could have difficulty controlling his vehicle during the 30 mile trip to and from the office.

The SSA forwarded plaintiff's request to Dr. David Fouts, the SSA's Chief Medical Examiner.   Dr. Fouts opined that Reynolds did not suffer from a disability that required accommodation in that there was insufficient medical evidence to support the finding of a disability.

On July 19, 1996, Mary Dana Mahoney, an Area Director with the SSA, informed plaintiff that his request to work from home had been denied, but also advised him that he could submit additional evidence to support his request.

Thereafter, plaintiff submitted a letter from Dr. Grayden C. Webster, a Chiropractor with whom Reynolds had treated twice.  Dr. Webster opined that because of the distance that Reynolds had to drive to and from work, and because of his close proximity to others in the working environment, Reynolds should be allowed to work from home.  This letter was forwarded to Dr. Fouts who again concluded that because there was no objective medical evidence that plaintiff suffered from a disabling condition, his request to work at home should be denied.

In August, 1996, While continuing to work for the SSA, plaintiff filed a complaint with the EEOC claiming that he had been

discriminated against on the basis of his disability and gender.
On December 2, 1997, plaintiff was granted disability retirement.


DISCUSSION

I.   Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides
that summary judgment "shall be rendered forthwith if the
pleadings, depositions, answers to interrogatories, and admissions
on file, together with the affidavits, if any, show that there is
no genuine issue as to any material fact and that the moving party
is entitled to judgment as a matter of law."  When considering
whether a genuine issue of fact exists for purposes of a motion for
summary judgment, all inferences and ambiguities must be resolved
in favor of the party against whom summary judgment is sought.  See
R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2d Cir. 1997).  It is
only if after considering the evidence in the light most favorable
to the non-moving party, the court finds that no rational jury
could find in favor of that party, a grant of summary judgment is
appropriate.  See Annis v. County of Westchester, 136 F.3d 239
(2d Cir. 1998).

II.   Plaintiff's Rehabilitation Act Claims

Section 794 of the Rehabilitation Act of 1973 states in
relevant part:

> No otherwise qualified handicapped individual
> in the United States, as defined in section

> 706(7) of this title, shall, solely by reason
> of his handicap, be excluded from
> participation in, be denied the benefits of,
> or be subjected to discrimination under any
> program or activity receiving Federal
> financial assistance.

29 U.S.C. § 794. The Rehabilitation Act, like the Americans with Disabilities Act, requires employers who are subject to the Act to make reasonable accommodations to disabled employees so that they may continue to work in jobs for which they are otherwise qualified. Powell v. National Board of Medical Examiners, 364 F.3d 79, 85 (2nd Cir. 2004). Indeed, "[c]laims under the Rehabilitation Act are treated almost identically to those under the ADA." Doe v. Board of Educ. of Fallsburgh Cent. School Dist., 63 Fed.Appx. 46 (2d Cir. 2003) citing Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 48-49 (2d Cir.2002).

To state a prima facie case of discrimination under the Rehabilitation Act for failure to make reasonable accommodations, a plaintiff must establish: "(1) that he is an individual who has a disability within the meaning of the statute, (2) that an employer covered by the statute had notice of his disability, (3) that with reasonable accommodation, he could perform the essential functions of the position sought, and (4) that the employer has refused to make such accommodations." Stone v. City of Mount Vernon, 118 F.3d 92, 96-97 (2d Cir.1997). To establish the existence of a disability under the Rehabilitation Act, the plaintiff must demonstrate that he "has a physical or mental

6

impairment which substantially limits one or more of [his] major life activities [and] has a record of such impairment; or ... is regarded as having such an impairment.  29 U.S.C. § 705(20)(B).

Recently, in Lipka v Potter, 2006 WL 839421, (W.D.N.Y., March 26, 2006) Magistrate Judge Scott of this Court succinctly stated the methodology for determining whether or not a plaintiff is disabled under the terms of the Rehabilitation Act.  Judge Scott noted that:

> In determining whether an individual has a disability for purposes of the Rehabilitation Act, the Second Circuit has adopted the three-step approach taken by the Supreme Court in Bragdon v. Abbott, 524 U.S. 624, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998). See Colwell v. Suffolk County Police Dep't, 158 F.3d 635, 641 (2d Cir.1998).  Under the Bragdon-Colwell analysis, the plaintiff must first show that he suffers from a physical or mental impairment. See Colwell, 158 F.3d at 641 citing Bragdon, 524 U.S. at 631. Second, the plaintiff must identify the activity claimed to be impaired and establish that it constitutes a "major life activity." Third, the plaintiff must show that his impairment "substantially limits" the major life activity previously identified.  Id.  Major life activities include "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 28 C.F.R. § 41.31(b)(2); 45 C.F.R. § 84.3(j)(2)(ii); 24 C.F.R. § 100.201(b). The function of caring for one's self encompasses normal activities of daily living; including feeding oneself, driving, grooming, and cleaning home. Ryan v. Grae & Rybicki, P.C., 135 F.3d 867, 871 (2d Cir.1998). In addition, the Supreme Court has recently clarified that the identified major life activity must be "of central importance to daily life." Toyota Motor Mfg. v. Williams,

534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615
(2002).

Lipka, 2006 WL 839421 at *3.

In the instant case, plaintiff has failed to establish that he suffered from a physical or mental impairment that has substantially limited a major life activity.  Although plaintiff, in support of his request to work at home, submitted a doctor's note indicating that he suffered from "dizziness and a sense of being confused and headaches," that note did not contain any medical diagnosis, nor was it supported by any clinical findings. The doctor's opinion did not state the severity of plaintiff's symptoms, nor the frequency, but only that plaintiff suffered from "problems" with dizziness and headaches.  This medical evidence fails to establish the existence of any impairment which substantially limits a major life activity.

Similarly, the letter submitted by a Chiropractor with whom plaintiff had treated twice fails to establish the existence of a disability under the Act.  While Dr. Webster's note does state that plaintiff suffers from acute episodes of vertigo, and opines that driving aggravates these episodes, the opinion is unsupported by any objective medical evidence.  Moreover, driving is not considered to be a "major life activity" under the Rehabilitation Act, and therefore, evidence that a medical condition limits a person's ability to drive or prohibits such activity will not establish that the person suffers from a disability under the

Rehabilitation Act.  <u>Colwell</u>, 158 F.3d at 643.  Because plaintiff has failed to establish the existence of a disability under the Rehabilitation Act, I grant defendant's motion for summary judgment, and dismiss plaintiff's disability discrimination claims.


III. <u>Plaintiff's Title VII Claims</u>

Reynolds contends that he was discriminated against on the basis of his sex because he was denied the opportunity to work from home while a female employee who also worked in his office was granted permission to work from home.

Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973) and later refined in <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981) and <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993).  The plaintiff bears the burden proving a *prima facie* case of discrimination.  If the plaintiff succeeds in stating a *prima facie* case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for the employment action.  Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but were a pretext for discrimination, and that discrimination was the real reason.  <u>See</u> <u>Texas Dep't of Community</u>

9

Case 6:03-cv-06087-MAT-JWF   Document 28   Filed 05/11/06   Page 10 of 11


Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502-06 (1993).

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show (1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.  See Shumway v. United Parcel Service, Inc., 118 F.3d 60, 63 (2nd Cir. 1997).

To establish that he suffered an "adverse employment action" plaintiff must demonstrate that he suffered "a materially adverse change in the conditions of his employment."  Galabya v. New York City Board of Education, 202 F.3d 636, 640 (2nd Cir. 2000).  In the instant case, plaintiff has failed to establish that he was subjected to an adverse employment action.  At no time were the conditions of plaintiff's employment changed or modified, and plaintiff was not subjected to any demotion or reduction in hours or pay.  Accordingly, plaintiff has failed to establish a prima facie case of gender discrimination.

IV.  Plaintiff's Retaliation Claims

Although plaintiff alleges in his Complaint that he was subjected to harassment in retaliation for making claims of discrimination, he has failed to allege any specific instances of harassment in retaliation for exercising his rights under the

Rehabilitation Act or Title VII.  Moreover, plaintiff failed to allege claims of retaliation in his administrative complaint, and therefore, plaintiff has failed to administratively exhaust those claims.  Accordingly, I grant defendant's motion for summary judgment and dismiss plaintiff's retaliation claims.

<u>CONCLUSION</u>

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
    MICHAEL A. TELESCA
United States District Judge

Dated:    Rochester, New York
          May 11, 2006